PER CURIAM.
Appellant Kenneth Kelly, a police officer, stopped appellee Toth-Kip’s car because he suspected she was DUI. After she failed several roadside sobriety tests, appellant informed her he was placing her under arrest, and she resisted, injuring appellant. Toth-Kip was uninsured, and appellant brought this suit against his UM insurer; however, the trial court granted the insurer’s motion for directed verdict on the ground that the injury did not arise out of the ownership, maintenance or use of the uninsured vehicle.
Appellant argues that, because he was injured by Toth-Kip as she was attempting to get away from him and back into her car to tend to her child, there was a sufficient connection between his injury and Toth-Kip’s vehicle so as to trigger UM coverage. The injury occurred while appellant was attempting to handcuff Toth-Kip while she was pushed up against her car.
We are unable to distinguish this case factually from Race v. Nationwide Mutual Fire Insurance Co., 542 So.2d 347 (Fla.1989), in which two drivers had gotten out of their cars after an accident and one punched the other. Our supreme court held in Race that there was no UM coverage because the injury did not arise out of the use of the uninsured vehicle.
Affirmed.
WARNER, FARMER and KLEIN, JJ., concur.